Marc Van Der Hout (California Bar # 80778)
Beth Feinberg (California Bar # 240857)
Van Der Hout, Brigagliano & Nightingale, LLP
180 Sutter Street, Fifth Floor
San Francisco, California 94104
Telephone: (415) 981-3000
Facsimile: (415) 981-3003
Email: ndca@vblaw.com

Attorneys for Plaintiff
Roxana ARVANDI

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

Roxana ARVANDI

    Plaintiff,

v.

F. Gerard HEINAUER, in his Official Capacity, Director, Nebraska Service Center, U.S. Citizenship and Immigration Services, U.S. Department of Homeland Security; Christina POULOS, in her Official Capacity, Director, California Service Center, U.S. Citizenship and Immigration Services, U.S. Department of Homeland Security; Emilio T. GONZALEZ, in his official Capacity, Director, U.S. Citizenship and Immigration Services, U.S. Department of Homeland Security; Michael CHERTOFF, in his Official Capacity, Secretary, U.S. Department of Homeland Security; Michael B. MUKASEY, in his Official Capacity, Attorney General, U.S. Department of Justice; and Robert S. MUELLER, III, in his Official Capacity, Director, Federal Bureau of Investigation

    Defendants.

Case No. _____

**Petition for Writ of Mandamus**

Immigration Case, Administrative Procedure Act Case

Agency No.: A97 885 694

---

Petition for Writ of Mandamus            No. _____

## INTRODUCTION

1. This is an action for declaratory and mandatory relief, authorized by 28 U.S.C. § 1361, the mandamus statute; 28 U.S.C. § 2201, the Declaratory Judgment Act; and 5 U.S.C. § 702, the Administrative Procedure Act.

2. This action seeks to compel the Department of Homeland Security ("DHS"), United States Citizenship and Immigration Services ("USCIS"), to adjudicate in an expedited manner the Application to Adjust Status (Form I-485) ("AOS application") that Plaintiff Roxana Arvandi ("Plaintiff") filed with the USCIS California Service Center on November 10, 2004.

3. Plaintiff is a national and citizen of Iran. See Declaration of Beth Feinberg in Support of Petition for Writ of Mandamus ("Feinberg Dec.") at ¶ 2. She holds a Master of Science degree in Electrical Engineering from the University of Nevada, Las Vegas. Id. Plaintiff has been lawfully employed as a Senior Member of the Technical Staff at Maxim Integrated Products in Sunnyvale, California since April 2001. Id. She currently has an Employment Authorization Document that is valid until January 17, 2008, and also has valid H-1B status until February 15, 2008. Id. at Exhibit ("Exh.") A.

4. On November 10, 2004, Plaintiff filed an employment-based adjustment of status application with the USCIS California Service Center, which was subsequently transferred to the USCIS Nebraska Service Center. Id. at Exh. B. Plaintiff's AOS application has now been pending for over three years. Id. Plaintiff has fully complied with all security investigations requested of her, and has maintained lawful non-immigrant status during the entire time she has been in the United States. Id. at Exh. A; ¶ 2 Despite Plaintiff's repeated inquiries, USCIS still has not adjudicated Plaintiff's AOS application. Id. at Exhs. D-G; ¶¶ 5-10.

5. According to the USCIS website, as of November 14, 2007, the agency is currently processing employment-based adjustment of status applications received on or before April 14,

2007. Id. at Exh. H. This shows that Plaintiff's application is now approximately two years and five months behind normal processing time.

6. The delay in processing Plaintiff's application is unreasonable and unlawful. Thus, she files this writ for mandamus action.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the present action pursuant to 28 U.S.C. § 1361, the mandamus statute; 28 U.S.C. § 2201, the Declaratory Judgment Act; 28 U.S.C. § 1331, general federal question jurisdiction; and 5 U.S.C. § 702, the Administrative Procedure Act ("APA").

8. Venue is properly with this Court pursuant to 28 U.S.C. § 1391(e) because this is a civil action in which the Defendants are agencies of the United States, and because Plaintiff resides in the Northern District of California, and there is no real property involved in this action. Therefore, venue is proper in this district.

9. <u>Intradistrict Assignment</u>: This action should be assigned to the San Jose Division because Plaintiff resides in that division. <u>See</u> Local Rules 3-2(c), (d).

## PARTIES

10. Plaintiff Roxana ARVANDI is a citizen and national of Iran who resides in San Jose, California, within the jurisdiction of this Court. She earned a Master of Science degree in Electrical Engineering from the University of Nevada, Las Vegas, and has been lawfully employed as a Senior Member of the Technical Staff at Maxim Integrated Products in Sunnyvale, California since April 2001. She is the beneficiary of an approved Immigrant Petition for Alien Worker (Form I-140), which classifies her as a member of the professions with an advanced degree, pursuant to 8 U.S.C. § 1153(b).

11. Defendant F. Gerard HEINAUER is the Director of the USCIS Nebraska Service Center and is sued herein in his official capacity. See 8 C.F.R. §§ 2.1, 103.1.

12. Defendant Christina POULOS is the Director of the USCIS California Service Center and is sued herein in her official capacity. See 8 C.F.R. §§ 2.1, 103.1.

13. Defendant Emilio T. GONZALEZ is the Director of United States Citizenship and Immigration Services, and is sued herein in his official capacity.

14. Defendant Michael CHERTOFF is the Secretary of the Department of Homeland Security and is sued herein in his official capacity. In this capacity, he has responsibility for the administration and enforcement of the immigration and naturalization laws pursuant to section 402 of the Homeland Security Act of 2002, 107 Pub. L. No. 296, 116 Stat. 2135 (Nov. 25, 2002). See 8 U.S.C. § 1103.

15. Defendant Michael B. MUKASEY is the Attorney General of the United States and is sued herein in his official capacity. In this capacity, he has responsibility for providing access to criminal history record information, pursuant to 8 U.S.C. §§ 1105(b) and 1103(g).

16. Defendant Robert S. MUELLER, III, is the Director of the Federal Bureau of Investigation ("FBI") and is sued herein in his official capacity. In this capacity, he has responsibility for maintaining and providing access to criminal history record information.

## FACTUAL ALLEGATIONS

17. Plaintiff brings this action to compel USCIS to adjudicate her adjustment of status application (Form I-485), which she filed with the USCIS California Service Center on November 10, 2004, and which is now pending at the USCIS Nebraska Service Center.

18. Plaintiff is a citizen and national of Iran. See Feinberg Dec. at ¶ 2. She holds a Master of Science degree in Electrical Engineering from the University of Nevada, Las Vegas. Id. Plaintiff has been lawfully employed as a Senior Member of the Technical Staff at Maxim

Integrated Products in Sunnyvale, California since April 2001. Id. She currently has an Employment Authorization Document that is valid until January 17, 2008, and also has valid H-1B status until February 15, 2008. Id. at Exh. A. She has maintained lawful non-immigrant status during the entire time she has been in the United States. Id. at ¶ 2.

19. On November 10, 2004, Plaintiff filed an employment-based adjustment of status application with the USCIS California Service Center. That AOS application was based on an Immigrant Petition for Alien Worker (Form I-140) ("I-140 Immigrant Petition") filed by Maxim Integrated Products, which classifies Plaintiff as a member of the professions with an advanced degree, pursuant to 8 U.S.C. § 1153(b). Id. at Exh. C. The I-140 Immigrant Petition was approved by the USCIS California Service Center on June 22, 2005. Id.

20. On May 11, 2005, Plaintiff, through prior counsel, contacted the USCIS California Service Center via electronic mail to inquire about the status of her adjustment of status application. Id. at Exh. D. On June 7, 2005, Plaintiff received a response to this inquiry via electronic mail from James A. Williams, Center Adjudications Officer of the California Service Center. Id. In that response, Mr. Williams stated that Plaintiff's AOS application was still pending because USCIS was "awaiting NAME CHECK results" from the FBI. Id.

21. On July 26, 2005, Plaintiff, through prior counsel, again contacted the USCIS California Service Center via electronic mail to inquire about the status of her adjustment of status application. Id. at Exh. E. On August 9, 2005, Plaintiff again received a response to this inquiry via electronic mail from Mr. Williams, who again stated that Plaintiff's AOS application was still pending because USCIS was "awaiting NAME CHECK results" from the FBI. Id.

22. On November 30, 2005, Plaintiff, through prior counsel, contacted the USCIS California Service Center liaison via electronic mail to inquire about the status of her

adjustment of status application. Id. at ¶ 7. As far as undersigned counsel is aware, Plaintiff did not receive a response to this inquiry. Id.

23. On January 4, 2006, Plaintiff, through prior counsel, contacted the USCIS California Service Center liaison via electronic mail to inquire about the status of her adjustment of status application. Id. As far as undersigned counsel is aware, Plaintiff did not receive a response to this inquiry. Id.

24. On June 21, 2006, Plaintiff called the USCIS customer service number to inquire as to the status of her adjustment of status application. Id. at Exh. F. On June 23, 2006, USCIS sent a letter to Plaintiff, stating that the processing of her AOS application had been delayed because the background check was still pending. Id.

25. On January 31, 2007, Plaintiff again called the USCIS customer service number to inquire as to the status of her adjustment of status application. Id. at Exh. G. On April 4, 2007, USCIS sent a letter to Plaintiff, stating that her AOS application was still pending because it "is currently undergoing extended review." Id.

26. On August 6, 2007, Plaintiff again called the USCIS customer service number to inquire as to the status of her adjustment of status application. Id. at ¶ 10. Plaintiff was informed that her application had still not been adjudicated because her FBI name check remained pending. Id.

27. The USCIS website shows that as of November 14, 2007, the agency is currently processing employment-based adjustment of status applications received on or before April 14, 2007. Id. at Exh. H. This shows that Plaintiff's AOS application is approximately two years and five months behind normal processing time.

28. Plaintiff has exhausted all available administrative remedies.

## CAUSE OF ACTION

### (VIOLATION OF IMMIGRATION AND NATIONALITY ACT AND ADMINISTRATIVE PROCEDURES ACT)

29. Paragraphs 1 through 28 are incorporated herein.

30. Any employer desiring and intending to employ within the United States an alien entitled to classification under, inter alia, 8 U.S.C. § 1153(b) may file a petition with the Attorney General for such classification. See 8 C.F.R. § 1154(a)(1)(F). Thereafter, if it is determined that the facts stated in the petition are true and that the alien on behalf of whom the petition is filed is eligible for a visa under 8 U.S.C. § 1153(b), the Attorney General shall approve the visa petition. See 8 U.S.C. §1154(b). An alien who is eligible to receive, inter alia, an employment-based immigrant visa under 8 U.S.C. § 1153(b) may adjust her or his status from non-immigrant to lawful permanent resident. 8 U.S.C. § 1255(k).

31. Plaintiff is eligible for adjustment of status as she has an already approved employment-based visa petition, pursuant to 8 U.S.C. § 1255(k).

32. Plaintiff filed an adjustment of status application with the USCIS California Service Center on November 10, 2004. It has now been over three years since that application was originally filed and it has still not yet been adjudicated.

33. USCIS is currently processing adjustment of status applications that were received on or before April 14, 2007. Plaintiff's application is therefore approximately two years and five months behind normal processing time.

34. Mandamus is an appropriate remedy whenever a party demonstrates a clear right to have an action performed by a governmental official who refuses to act. See Donovan v. United States, 580 F.2d 1203, 1208 (3d Cir. 1978).

35. Defendants have a duty to act and have failed to do so in a reasonable time or manner. See, e.g., Patel v. Reno, 134 F.3d 929 (9th Cir. 1997). They have failed to adjudicate

Plaintiff's adjustment of status application. Defendants have thus violated the Immigration and Nationality Act.

36. In addition, Defendants have violated the Administrative Procedures Act, which provides that a reviewing court shall compel agency action unlawfully withheld or unreasonably delayed. 5 U.S.C. § 706(1).

37. Plaintiff has exhausted all other available remedies. He has "no other adequate means to attain the relief he desires." <u>Allied Chemical Corp. v. Daiflon, Inc.</u>, 449 U.S. 33, 35 (1980). His right to issuance of the writ is therefore "clear and indisputable." <u>Id.</u>

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court grant the following relief:

(1) Assume jurisdiction over this matter;

(2) Order that USCIS adjudicate Plaintiff's Application to Adjust Status (Form I-485);

(3) Award reasonable costs and attorneys' fees; and

(4) Grant such further relief as the Court deems just and proper.

Dated: November 29, 2007                                    Respectfully submitted,

Marc Van Der Hout
Beth Feinberg
Van Der Hout, Brigagliano &
Nightingale, LLP
180 Sutter Street, Fifth Floor
San Francisco, California 94104
Telephone: (415) 981-3000
Facsimile: (415) 981-3003
Email: ndca@vblaw.com

*Attorneys for Plaintiff*

By: /s/ Marc Van Der Hout/bf
Marc Van Der Hout

Petition for Writ of Mandamus                        7                                    No. _____